IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAY LLOYD HARRIS                                                                            PETITIONER

v.                              Case No. 6:21-cv-06137

DEXTER PAYNE, Director,                                                                 RESPONDENT
Arkansas Department of Correction

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner is Jay Lloyd Harris ("Harris").  On October 15, 2021, Harris filed the current Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Respondent Payne filed a response on January 10, 2022.  ECF No. 10.  This matter is now ripe for consideration.

This Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.  The Court has reviewed the Petition and Response and finds this Petition should be **DENIED.**

**1.    Procedural Background[1]:**

Harris is an inmate incarcerated at the Randall L. Williams Correctional Facility in the Arkansas Department of Correction ("ADC") in Pine Bluff, Arkansas.  On October 9, 2017, Harris was charged in Benton County Circuit Court with twenty counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child in violation of ARK. CODE ANN. § 5-27-602.  Harris pled guilty to the charged offenses.  Based on the State's recommendation, on August 27, 2018[2], the court sentenced Harris to 40 years of incarceration in the ADC.  *See* ECF No. 10-3.

---

[1] The "Procedural Background" is taken from the docket and the documents filed in this case.
[2] It appears the sentence was not formally entered until September 18, 2018.

Approximately one year later, on August 21, 2019, Harris filed a Rule 37 petition for post-conviction relief. This Rule 37 petition was dismissed as untimely on September 30, 2021. ECF No. 10-6. On October 15, 2021, Harris filed the current Petition before this Court. ECF No. 1. With this Petition, Harris claims the evidence against him which led him to plead guilty was obtained as the result of an illegal search and seizure. *Id.* On January 10, 2022, Respondent Payne timely responded. ECF No. 10. In this response, Respondent Payne claims this action is time-barred and should be dismissed. This matter is now ripe for consideration.

**2.   Applicable Law**:

Harris seeks *habeas* review of a state-court conviction in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. In the interests of finality and federalism, a federal *habeas* court is constrained by statute to exercise only a "limited and deferential review of underlying state-court decisions." *See, e.g., Whitehead v. Dormire,* 340 F.3d 532, 536 (8th Cir. 2003). The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013).

A federal court reviewing a state-court merits ruling of a federal question may grant habeas-corpus relief only if the state's adjudication "(1) resulted in a decision that was contrary to, or an unreasonable application of, clearly stablished Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Under § 2254(d)(2), a decision adjudicated on the merits in a state court based on a factual

determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *See, e.g., Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003). In making this determination, factual findings by the state courts are presumed correct absent clear and convincing evidence to the contrary. *Id.;* 28 U.S.C. § 2254(e)(1).

3. **Discussion**:

Respondent Payne claims this action is time-barred and should be dismissed under AEDPA. Upon review and consistent with the following, the Court agrees and finds as follows:

    A.    **One-Year Statute of Limitations**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2254. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a petition challenging his or her conviction.

In the present action, Harris's one-year limitation for filing a federal *habeas* petition commenced on October 18, 2018, which was thirty days after his guilty plea and formal sentencing of September 18, 2018. *See Camacho v. Hobbs,* 774 F.3d 931, 934-35 (8th Cir. 2015) (allowing thirty days after the plea and entry of judgment for the statute of limitations to begin to run). Thus, Harris had from October 18, 2018 through October 18, 2019 to timely file his federal *habeas* petition.

Harris, however, failed to do so. Instead, Harris did not file his current Petition until October 15, 2021, almost two years after his filing deadline had expired. Accordingly, unless an

exception to this statute of limitations or a tolling provision applies, the Court lacks jurisdiction to consider the merits of his Petition.

      **B.**      **Tolling of the Statute of Limitations**

Harris's claims are barred by the limitations period unless he can establish that a tolling provision applies. As an initial note, the first question to consider is whether the time-period Harris's Rule 37 petition was pending tolled the AEDPA statute of limitations. Under AEDPA, "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *See* 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the issue becomes whether this Rule 37 petition was "properly filed" such that its pendency could toll the statute of limitations.

Pursuant to Rule 37.2 of the Arkansas Rules of Criminal Procedure, Harris was required to file his Rule 37 petition within ninety days of the date his judgment was entered. *See* ARK. R. CRIM. P. 37.2(c)(i) (recognizing "[i]f a conviction was obtained on a plea of guilty . . . a petition claiming relief under this rule must be filed in the appropriate circuit court within ninety (90) days of the date of the entry of judgment"). Thus, he had until December of 2018 to file his Rule 37 petition.

Since Harris waited until August of 2019, this time-period did not toll the limitations period at all.[3] *See Pace v. DiGuglielmo,* 544 U.S. 408, 414-4174 (2005) (holding that mandatory time limits are "filing" conditions and untimely documents are not "properly filed" under AEDPA).

---

[3] The Circuit Court of Benton County, Arkansas also dismissed his Rule 37 petition as untimely: "Because the Petition was filed outside of the 90 days provided for in Rule 37.2, the Court is without jurisdiction to grant relief and the Petition is DENIED without prejudice." ECF No. 10-6.

Indeed, "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *See Pace,* 544 U.S. at 414.

As for equitable tolling, a petitioner is only entitled to this tolling if "he shows . . . that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida,* 560 U.S. 631, 645 (2010). While the diligence required for equitable tolling is "not maximum feasible diligence," reasonable diligence is required. *See id.* at 653. In the present action, Harris's Petition does not establish he acted with any due diligence in pursuing the timely filing of this Petition. Harris's Petition also does not demonstrate any extraordinary circumstance beyond his control made it impossible for him to file it before the statute of limitations ran. *See, e.g., Runyan v. Burt,* 521 F.3d 942, 945 (8th Cir. 2008).

Indeed, the only excuse Harris offers for his delay in filing this Petition is that the "[the] State & courts of Arkansas have delayed judgment." ECF No. 1 at 13. This, however, does not excuse Harris's failure to timely file a Rule 37 petition such that the statute of limitations would been tolled or excuse a failure to timely file his Petition. Therefore, AEDPA's one-year statute of limitation applies in this case, and Harris's Petition is untimely and should be dismissed.

**4.    Conclusion**:

Harris's Petition is time-barred under the AEDPA one-year statute of limitations. At the very latest, he was required to file his Petition by October 18, 2019. Here, Harris waited until October of 2021 to file this Petition. Thus, this Court has no jurisdiction over this Petition.

**5.    Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Petition (ECF No. 1) be **DENIED** and dismissed with prejudice. The Court further recommends no Certificate of Appealability issue in this matter.

The Court also finds that no evidentiary hearing is necessary.[4]

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **21st day of March 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[4] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*